UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| _____ | ) | ECF CASE |
| SUE J. THOMAS | ) | |
| | ) | Case Number: 1:11-cv-01476-TPG |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| RECEIVABLES PERFORMANCE | ) | |
| MANAGEMENT, LLC | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |
| _____ | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Sue J. Thomas, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.      Plaintiff, Sue J. Thomas, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and that the Defendant transacts business in this District.

### III.  PARTIES

4. Plaintiff, Sue J. Thomas is an adult natural person residing at 68 Cooper Drive 1a, New Rochelle, NY 10801.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Receivables Performance Management, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Corporation engaged in the business of collecting debt within the States of New York and Washington with its principal place of business located at 20816 44th Avenue West, Lynnwood, WA 98036.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. In or around December 2010, Plaintiff began receiving phone calls from Defendant.

8. Plaintiff received a letter dated December 30, 2010 from Defendant. Plaintiff did not recognize the original creditor listed in Defendant's letter.  **See Exhibit "A" attached hereto.**

9. Plaintiff contacted Defendant to inquire whether the alleged debt was indeed hers or if it belonged to someone else.

10. Plaintiff explained to Defendant that Plaintiff thought Defendant had the wrong person and at that time was informed that the original creditor was HSBC.

11. Plaintiff was unsure at first if the alleged debt belonged to her causing Defendant's agent to become angry and rude with Plaintiff repeatedly asking, "is the debt yours or not?!"

12. Plaintiff receives at least one to two calls a day from Defendant.

13. Defendant uses several different phone numbers to contact Plaintiff as per Plaintiff's caller ID.

14. Plaintiff has answered calls from Defendant, only to hear silence on Defendant's end.

15. On or around Sunday, January 9, 2011, at 11:15 am, Plaintiff received a phone call from Defendant.  Plaintiff told Defendant not to call on a Sunday and that Plaintiff would report Defendant for doing so.

16. Defendant's constant phone calls have become very harassing to Plaintiff especially when there is no one on the other end.

17. On or around Sunday, January 16, 2011, at 1:07 pm, Plaintiff received yet another phone call from Defendant on a Sunday despite Plaintiff having already told Defendant not to do so.

18. Plaintiff continues to receive phone calls from Defendant multiple times a day and feels that the continuous calls are nothing less than abusive and harassing.

19.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22.     As a result of Defendant's conduct, the Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

### COUNT I – FDCPA

23.     The above paragraphs are hereby incorporated herein by reference.

24.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

|  |  |
|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | Profane language or other abusive language |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Receivables Performance Management, LLC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  February 25, 2011

BY: */s/ Bruce K. Warren*
Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road

        Suite 333
        Jenkintown, PA 19046
        215-745-9800   Fax 215-745-7880
        Attorneys' for Plaintiff